UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SALINAS VALLEY PRODUCE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN RULE PRODUCE, INC., et al.,<br><br>Defendants. | Case No. 19-cv-02692-BLF<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE; ISSUING ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**<br><br>[Re: ECF 9] |

Before the Court is Plaintiff's *Ex Parte* Application for Temporary Restraining Order Without Notice ("Application for TRO"). ECF 9. Also pending before the Court is Plaintiff's Motion for Preliminary Injunction. ECF 10. The Court finds the Application for TRO suitable for submission without oral argument. For the reasons that follow, Plaintiff's Application for TRO is GRANTED, and Defendants are hereby ORDERED TO SHOW CAUSE why a preliminary injunction should not issue.

## I.  BACKGROUND

On May 17, 2019, Plaintiff Salinas Valley Produce, Inc. filed suit against Defendants Golden Rule Produce, Inc. and Dimitrios Tsigaris, alleging violation of the Perishable Agricultural Commodities Act (7 U.S.C. §§ 499a *et seq.*) ("PACA"), failure to pay PACA trust assets, breach of contract, breach of fiduciary duty, and conversion and unlawful retention of PACA trust assets. *See generally* Compl., ECF 1. Plaintiff holds a PACA license and sells wholesale quantities of perishable agricultural commodities in interstate commerce. *See* Compl. ¶ 2. Defendant Golden Rule Produce is also licensed under PACA and is a wholesale distributor of produce. *See id.* ¶ 3. Defendant Tsigaris is a principal of Defendant Golden Rule Produce. *See id.*

Plaintiff alleges that it sold $275,178.00 worth of fresh produce to Defendants between October 16, 2017, and March 19, 2019. *See* Compl. ¶ 6. Plaintiff further alleges that Defendants

have failed to pay for this produce despite repeated demands, and that under PACA Plaintiff "is a beneficiary of a statutory trust *res* designated as a fund from which it can be assured payment." *See id.* ¶ 8. Plaintiff asserts that the trust became effective at the time Defendants began accepting shipments of produce. *Id.*

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 65(b), a court may grant a temporary restraining order without notice to the adverse party if:

> (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adversary party can be heard in opposition; and
>
> (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the [moving party] is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

A party seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Alternatively, an injunction can issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in [the moving party's] favor," provided that the moving party can also demonstrate the other *Winter* factors. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation marks omitted). Showing "serious questions going to the merits" requires more than establishing that "success is more likely than not;" rather, it requires the moving party to demonstrate a "substantial case for relief on the merits." *Leiva–Perez v.*

2

1  *Holder*, 640 F.3d 962, 967 (9th Cir. 2011).  Under either standard, the moving party bears the
2  burden of making a clear showing on these elements and on entitlement to this extraordinary
3  remedy.  *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

### III. DISCUSSION

Plaintiff's Application for TRO "seeks to enjoin Golden Rule and its officers, agents, servants, employees, successors, banking institutions, attorneys, and all other persons in active concert or participation with them (including defendant, Dimitrios Tsigaris), from using, consuming or otherwise dissipating trust assets under PACA, or making payment of any PACA trust asset to any creditor, person, or entity until full payment of $275,128.00, plus interest, costs, and attorneys' fees to [Plaintiff], further order of this Court or [Plaintiff's] agreement." *See* Application for TRO at 1–2.  Plaintiff argues that absent this relief, "[Plaintiff] will suffer immediate and irreparable injury, loss, and damage due to Golden Rule's continued dissipation of [Plaintiff's] interest in the statutory trust until judgment can be granted on the merits." *See id.* at 2.  In support, Plaintiff submits a Memorandum of Points and Authorities (ECF 9-4), the Declaration of Alejandro Aguilar (ECF 9-1), the Declaration of Kaipo Young (ECF 9-2), and an Attorney Certification Why Notice Should Not Be Required (ECF 9-3).  As discussed below, the Court GRANTS Plaintiff's Application for TRO.

#### A. Likelihood of Success on the Merits

Plaintiff has demonstrated a likelihood of success on the merits because Plaintiff submits evidence that Defendants have not paid for the produce they received from Plaintiff and sets forth that PACA provides for the relief requested.  Specifically, Plaintiff's declarations demonstrate that (1) Plaintiff is a licensed dealer under PACA; (2) Golden Rule is licensed under PACA; (3) between October 16, 2017, and March 19, 2019, Plaintiff sold and delivered $275,128.00 worth of fresh produce to Defendants; (4) Golden Rule received and accepted the produce without objection; (5) each shipment was invoiced according to PACA requirements; and (6) Golden Rule failed to pay the invoices within the agreed payment terms and the cumulative amount of $275,128.00 remains overdue and unpaid.  *See* Aguilar Decl. ¶¶ 5–9, 11–18; Young Decl. ¶¶ 16, 17; *see also* Ex.'s A–D to Aguilar Decl.; Ex.'s A–C to Young Decl.  Accordingly, Plaintiff has

3

shown a strong likelihood of success on the merits.

### B. Irreparable Harm

Plaintiff asserts that Golden Rule (1) is in severe financial jeopardy; (2) has either dissipated or threatened to dissipate the trust assets subject to PACA, 7 U.S.C. § 499e(c)(2); and (3) is not or may not be in a position to pay Plaintiff's PACA trust claim. *See* Memorandum at 7–8, ECF 9-4. Plaintiff submits evidence that multiple checks from Golden Rule to Plaintiff were returned by the bank for insufficient funds. *See* Aguilar Decl. ¶ 15; *see also* Ex. C to Aguilar Decl. In March 2019, Plaintiff received two additional checks from Golden Rule but did not attempt to cash them because Plaintiff was informed that the Golden Rule bank account contained insufficient funds. *See* Aguilar Decl. ¶ 16. Plaintiff has continued to demand payment from Defendants, to no avail. *See id.* ¶¶ 13–14, 18. In the meantime, Defendants have made payments to other creditors or owe significant sums to other creditors that jeopardize Plaintiff's ability to recover. *See* Young Decl. ¶¶ 6–10, 12–13. Based upon the pleadings, declarations, and other submissions Plaintiff has filed in this action, the Court concludes that Plaintiff will suffer immediate and irreparable injury due to Golden Rule's dissipation of Plaintiff's beneficial interest in the statutory trust created under PACA, 7 U.S.C. §499e(c), and that this dissipation will continue in the absence of injunctive relief.

### C. Remaining *Winter* Factors

The Court finds that the balance of equities tips in Plaintiff's favor, and Congress has found that the public interest is served by the enforcement of these trusts. *See* 7 U.S.C. § 499e(c)(1). Thus, the remaining *Winter* factors are in Plaintiff's favor.

### D. Notice

The Court concludes that if notice is given to Golden Rule during the pendency of Plaintiff's Application for TRO, trust assets under PACA, 7 U.S.C. §499e(c), will be further threatened with dissipation before the Application for TRO is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. *See* H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News 405, 411; *see also Chula Brand CA, Corp. v. Martinez*, 2017 WL 107672, at *3 (S.D. Cal.

4

Jan. 11, 2017). Entry of the instant order without notice assures retention of the trust assets under the control of this Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. § 499e(c)(5). In accord with Rule 65(b)(1), Plaintiff's attorney has certified why notice should not be required. *See* Attorney Certification Why Notice Should Not Be Required, ECF 9-3.

**E.  Bond**

Plaintiff requests that no bond be required. *See* Application for TRO at 10. The Court agrees. It would appear that Defendants already possess $275,178.00 worth of trust assets from Plaintiff as security for the issuance of injunctive relief.

**F.  Conclusion**

In conclusion, the Court hereby GRANTS Plaintiff's Application for TRO.

**IV.  ORDER**

For the foregoing reasons, the Court finds that Plaintiff will suffer immediate and irreparable injury in the form of a loss of trust assets unless the instant order is granted without notice. Accordingly, IT IS HEREBY ORDERED that:

1. This Temporary Restraining Order is entered this 20th day of June, 2019.
2. Pending hearing on the Order to Show Cause scheduled below, Defendant Golden Rule Produce, Inc. and its officers, agents, servants, employees, attorneys, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with Golden Rule Produce, Inc. (including Defendant Dimitrios Tsigaris) are enjoined and restrained from dissipating, paying, transferring, encumbering, assigning or selling any and all assets covered by or subject to the PACA trust provisions until further order of the Court.
3. Under PACA, 7 U.S.C. §499e(c)(2), the assets subject to this order include all of Golden Rule Produce, Inc.'s assets, unless it or a third party can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food, other products derived from perishable agricultural commodities, receivables or proceeds from the sale of such commodities or products, or purchased with funds from a comingled account containing proceeds from the sale of such

commodities or products. However, Golden Rule Produce, Inc. may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Golden Rule Produce, Inc. accounts for and maintain the proceeds of any sale subject to this Order.

4. Plaintiff shall serve Defendants, or their registered agent, or their counsel, with a copy of this Order no later than June 24, 2019.

5. Golden Rule Produce, Inc. shall serve a copy of this Order on all banking or financial institutions with which it conducts business, or any person or entity who may be holding assets for or on its behalf.

6. This Order is binding upon the parties to this action, banking and financial institutions, and all other persons or entities receiving actual notice of this Order by personal service, including email, facsimile transmission, priority mail, or Federal Express.

7. The $275,178.00 in PACA trust assets allegedly belonging to Plaintiff and in Golden Rule Produce, Inc.'s possession will serve as Plaintiff's security for this injunction as required by FRCP 65(c).

8. A hearing on Plaintiff's Motion for Preliminary Injunction (ECF 10) is set for June 27, 2019, at 9:00 A.M., in Courtroom 3, 5th Floor, U.S. District Court, 280 South 1st Street, San Jose, CA 95113.

9. Defendants are ORDERED TO SHOW CAUSE why a preliminary injunction should not issue enjoining them from distributing PACA trust funds as set out in Plaintiff's Motion for Preliminary Injunction. Defendants' opposition shall be filed no later than June 25, 2019.

10. Defendants may apply to the court for modification or dissolution of this Temporary Restraining Order on two days' notice, or such shorter notice as the court may allow. *See* Fed. R. Civ. P. 65(b).

11. The parties may stipulate to a later hearing date on the Motion for Preliminary Injunction upon agreement that this TRO will remain in effect until the hearing date. Motions are heard on Thursdays at 9:00 A.M. Due to the Court's unavailability, no

1 | motions will be heard from June 28 to July 15, 2019.

**IT IS SO ORDERED.**

Dated: June 20, 2019

_____
BETH LABSON FREEMAN
United States District Judge